UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| YORIE VON KAHL, | ) |
|       Petitioner, | ) |
| v. | ) Case No. 18-cv-1245 |
| STEVE KALLIS, Warden | ) |
|       Respondent. | ) |

## ORDER AND OPINION

Now before the Court is Petitioner Yorie Von Kahl's ("Petitioner" or "Kahl") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).[1] Also before the Court is Petitioner's Motion to Submit a Replacement Copy of his Reply to Respondent's Response (Doc. 14). Petitioner submitted this amended reply, shortly after submitting the original reply, to correct typographical errors. Petitioner's Motion (Doc. 14) is GRANTED and the Court notes that the amended reply is filed at Docket Entry 14-1. However, for the reasons set forth below, Kahl's Petition (Doc. 1) is DENIED.

## I. BACKGROUND

On June 24, 1983, Kahl was sentenced in Case No. C3-83-16-03 in the United States District Court for the District of North Dakota.[2] He was sentenced to a term of life imprisonment on counts 1 and 2 for Second Degree Murder of Federal Officers; ten years on counts 5, 6, 7, and 8 for Forcibly Assaulting and Impeding Federal Officers by Use of a Deadly Weapon and Aiding

---

[1] Citations to documents filed in this case are styled as "Doc. __."
[2] Kahl has objected to Respondent's summary of the conduct underlying the convictions. *See* Pet. Reply at pp. 5-6 (Doc. 14-1). The conduct underlying Kahl's convictions has no bearing on the decision here, so the Court will not determine the accuracy of the summary here.

1

and Abetting; five years on count 9 for Harboring and Concealment of Fugitive and Aiding and Abetting; and five years on count 11 for Conspiracy to Assault. *See* Judgment and Probation/ Commitment Order, Resp. App., at pp. 33 (Doc 9-2), Pet. pp. 13 (Doc. 1)). The judgment ordered:

> LIFE on Counts 1 & 2 to run CONCURRENTLY; TEN (10) YEARS on Counts 5,6,7 and 8 to run CONCURRENTLY but to run CONSECUTIVELY to the life sentence on Counts 1 and 2; FIVE (5) YEARS on Count 9 to run CONSECUTIVELY to the life sentence imposed on Counts 1 and 2 and the ten year sentence imposed on Counts 5,6,7 and 8; FIVE (5) YEARS on Count 11 to run CONCURRENTLY with the sentence imposed on Counts 1, 2, 5, 6, 7, 8, and 9.

*Id.* Kahl was sentenced pursuant to 18 U.S.C. § 4205(b)(2), which provides for release on parole "…at such time as the Commission may determine." *Id.*

Kahl's initial parole hearing was on June 19, 1984. *See,* Pet. pp. 45 (Doc. 1); Resp. App. pp. 7-9 (Doc. 9-2). A Notice of Action, dated July 20, 1984, continued him to a 10-year reconsideration hearing in June 1995. *Id.* The Notice further explained that Petitioner had only been in custody for 17 months, that his offense behavior was rated Category 8 because it involved murder, and that his parole guideline was 100+ months' imprisonment. *Id.*

On June 18, 1986, Petitioner received a statutory interim hearing. *See* Pet. pp 49-50 (Doc. 1); Resp. App. pp. 10-13 (Doc. 9-2). At that time, the Bureau of Prisons ("BOP") had calculated his two-thirds or mandatory parole release date under 18 U.S.C. § 4206(d) to be February 12, 2013. *Id.* ("On his life plus 15 year sentence, Kahl can serve at most 30 years which the Bureau calculates to be the two-thirds point of his aggregate term."). The hearing panel recommended that he be continued to a 15-year reconsideration hearing in June 2001; the U.S. Parole Commission adopted the recommendation, and Petitioner was advised of the decision by a Notice of Action dated July 17, 1986. *Id.*

Petitioner also received statutory interim hearings in 1988, 1990, and 1992. *See* Resp. App. pp. 15-26 (Doc. 9-2). Following each hearing, the U.S. Parole Commission made no change in its decision to continue Petitioner to the 15-year reconsideration hearing in June 2001 and no change in its calculation of the two-thirds or statutory mandatory release date under 18 U.S.C. § 4206(d). *Id.* In 1993, Petitioner appealed the U.S. Parole Commission's decision. Resp. App. pp. 27-29 (Doc. 9-2). By Notice of Action dated July 28, 1993, the U.S. Parole Commission affirmed the previous decision. *Id.* On April 17, 1995, Petitioner received another statutory interim hearing, after which the U.S. Parole Commission made no change to the previous decision. Resp. App. pp. 30-31 (Doc. 9-2). Respondent states that beginning in 1997, Petitioner waived his statutory interim hearing, and he has continued to waive those hearings through the present. Resp. at pp. 3 (Doc. 9). In Reply, Petitioner disputes that his hearings have been voluntarily waived. Reply at pp. 32 (Doc. 14-1).

On July 7, 1994, Petitioner became aware that the BOP had recalculated his mandatory release date pursuant to 18 U.S.C. § 4206(d) as February 13, 2023. Pet. at pp. 4-5 (Doc. 1). Petitioner has repeatedly appealed this action within the BOP. *Id.* Despite this recalculation by the BOP, a "Federal 15 year Reconsideration Hearing Prehearing Assessment," created on May 4, 2002 by a reviewer in the U.S. Parole Commission, again stated that the two-thirds or mandatory release date was February 12, 2013. *See* Pet. App. pp. 22 (Doc. 1).

Kahl filed this petition under 28 U.S.C. § 2241 (Doc. 1), arguing that the BOP illegally altered his mandatory parole release date in 1994, adding ten years to his mandatory release date. Kahl argues that the BOP had no statutory authority to change this date and effectively usurped the powers of the U.S. Parole Commission. Respondent has filed a response (Doc. 9) and Kahl has filed a Reply (Doc. 14-1). This Order follows.

## II. DISCUSSION

As an initial matter, Kahl's Mandatory Parole Date pursuant to 18 U.S.C. § 4206(d) appears to be correctly calculated as 40 years. Kahl's sentence was committed prior to the effective date of the Sentencing Reform Act of 1984, which became effective on September 1, 1987. Accordingly, his sentence is calculated as a parole eligible sentence. Pursuant to 18 U.S.C. § 4206(d):

> Any prisoner serving a sentence of five years or longer who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after having served thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier. Provided however, that the Parole Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State or local crime.

*Id.* Petitioner was sentenced to a life sentence followed by a consecutive 10-year sentence, and a consecutive 5-year sentence. Section 4206(d) plainly requires that prisoners serve an aggregate of two-thirds of all consecutive terms before being eligible for a mandatory release hearing. For his life sentence, § 4206(d) requires 30 years to be served. Combined with the two-thirds value of his 10 and 5 year consecutive sentences, the math quite clearly adds up to 40 years. Petitioner's sentence began on June 24, 1983 and he was given credit for 131 days of presentence time. Accordingly, his two-thirds date pursuant to § 4206(d) is February 23, 2023.

Petitioner objects to the application of BOP Program Statement 5880.30 to his calculation, but the program statement merely provides a guide on how to calculate his sentence pursuant to § 4206(d). It does not alter the law, and, as explained above, his two-thirds or mandatory release date under § 4206(d) is accurately calculated as February 23, 2023.

Additionally, it is clear that the date can be corrected. Because the date is correctly calculated as February 12, 2023, Petitioner could not have a right to be paroled under § 4206(d)

4

until that date, despite the earlier error. *See, e.g., Jago v. Van Curen,* 454 U.S. 14, 17–19, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981) (rescission without hearing of prisoner's promised parole prior to his release held not violative of due process); *Burgesss v. Sabol*, No. CIV A. 09-40045 MBB, 2010 WL 4103708, at *6 (D. Mass. Oct. 18, 2010) ("[T]he general rule" is that "an offender's expectation and reliance interests in sentence mistake cases are ordinarily trumped by the strong public interest in crime prevention and punishing criminals.") (*citing Wells v. United States,* 802 A.2d 352, 354 (D.C. 2002)); *Davis v. Moore*, 772 A.2d 204, 219 (D.C. 2001) ("An expectation of early release from prison (or from service of a sentence) that is induced not by a valid statute or regulation but by the mistaken representations of officials does not without more give rise to a liberty interest entitled to protection under the Due Process Clause.").

However, Petitioner's primary argument in his Petition is not that the calculation is wrong, but that the BOP does not have authority to change the date and only the U.S. Parole Commission can set the mandatory release date under § 4206(d). Respondent did not address this argument, and it is not clearly meritless. The BOP certainly has authority to calculate a federal prisoner's sentence. *See United States v. Wilson,* 503 U.S. 329, 335–37, 112 S.Ct. 1351 (1992), *see also Gomez v. U.S. Parole Comm'n*, No. CIV. 05-3829 (RBK), 2006 WL 2465628, at *7 (D.N.J. Aug. 19, 2006), *aff'd*, 246 F. App'x 102 (3d Cir. 2007) ("The [U.S. Parole Commission] relies on the BOP to compute a federal prisoner's sentence, which would include certain dates pertinent to the [U.S. Parole Commission's] activities, such as, the parole eligibility date, the two-thirds date, and mandatory release date."). Indeed, the U.S. Parole Commission's Notice of Action to Kahl from 1986 makes clear that two-thirds date was calculated by the BOP: "On his life plus 15 year sentence, Kahl can serve at most 30 years which *the Bureau computes* to be the two-thirds point of his aggregate term." Resp. App. at pp. 11 (Doc. 9-2) (emphasis

added). However, the language of §§ 4205 and 4206 indicates that it is up to the U.S. Parole Commission to adopt these calculations and ultimately determine when a prisoner subject to its jurisdiction is eligible for parole. Nonetheless, the Court need not conclusively rule on this issue, as regardless of whether the BOP can conclusively determine the mandatory release date, he is still not entitled to relief.

Kahl's argument is premised on the idea that his release is automatic once his mandatory release date passes if the U.S. Parole Commission does not make a finding otherwise pursuant to § 4206(d). However, this provision does not call for automatic release, but rather creates a presumption of release. *See, e.g., Walker v. Adams*, 151 F.3d 1034 (7th Cir. 1998); *Bruscino v. True*, 708 F. App'x 930, 935 (10th Cir. 2017) (collecting cases); *see also Dufur v. U.S. Parole Comm'n*, 314 F. Supp. 3d 10, 19 (D.D.C. 2018) ("Those caveats mean that "mandatory" parole is not really mandatory."). Further, a "failure to conduct a hearing or make the § 4206(d) determination by" the mandatory release date does not entitle Kahl to immediate release. *Id.*

Here, the record shows that Kahl has waived his hearings and thus prevented the U.S. Parole Commission from either correcting his mandatory release date, making a § 4206(d) determination that he should not be paroled, or even ordering him released on parole. The documentation attached to Respondent's brief shows an express waiver of the 1997 hearing. Resp. App. pp. 32 (Doc. 9-2). Once the hearing was waived it was up to Kahl to reapply for parole. *See,* 28 C.F.R. § 2.11(b) ("If a prisoner waives parole consideration, he may later apply for parole and may be heard during the next visit of the Commission to the institution at which he is confined, provided that he has applied at least 60 days prior to the first day of the month in which such visit of the Commission occurs.").

Kahl's argument that his hearings were not truly waived is moot. Kahl claims that the waiver was forced because the U.S. Parole Commission has refused to produce records to Kahl despite repeated requests into 2003. Reply at pp. 32 (Doc. 14-1). Then, after 2002, Kahl contends that the U.S. Parole Commission has disappeared from law because Congress' attempts to enact an extension of the U.S. Parole Commission failed. *Id*. Kahl's arguments that the U.S. Parole Commission no longer legally exists has already been addressed and rejected in previous habeas applications. *See Von Kahl v. United States*, 321 F. App'x 724, 726 (10th Cir. 2009). Moreover, the issue of waiver is "moot because any relief to which the petitioner was entitled— consideration for release on paroled—could be obtained by voluntary reapplication for a hearing." *See Walker v. Adams*, 151 F.3d 1034 (7th Cir. 1998). Accordingly, this Court must deny Kahl's Petition. Kahl is, and always has been, free to reapply for parole with the U.S. Parole Commission. If he does so, the U.S. Parole Commission will be able to determine his eligibility for parole pursuant to § 4206(d).

Finally, in his reply Kahl attempts to raise various new grounds for relief. These grounds for relief are summarily rejected. New arguments may not be raised in reply. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised for the first time in a reply brief are deemed waived"); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (same); *United States v. Foster*, 652 F.3d 776 n. 5 (7th Cir. 2001) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."). Moreover, his ex post facto arguments have already been considered and rejected in a previous § 2241 petition. *See Von Kahl*, 321 F. App'x at 726. Additionally, his argument that he is subject to release based on the BOP's calculation of his good time credits has no merit, as his release is at the discretion of the U.S. Parole Commission and his good time credits do not impact his mandatory

release date. *See, e.g., LaMagna v. U.S. Bureau of Prisons*, 494 F. Supp. 189, 190 (D. Conn. 1980).

### III. CONCLUSION

For the reasons set forth above, Kahl's Motion (Doc. 14) is GRANTED and the Court notes that the amended reply is filed at docket entry 14-1, and Kahl's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED. This Case is TERMINATED.

Signed on this 29th day of January, 2019.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge